IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

FLOYD L. WILLIAMSON,

    Petitioner,

v.                                                                                                      No. 1:20-cv-01203-JDB-atc

UNITED STATES OF AMERICA,

    Respondent.

ORDER DISMISSING § 2255 PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner, Floyd L. Williamson,[1] has filed a *pro se* motion to vacate, set aside, or correct his sentence (the "Petition"), pursuant to 28 U.S.C. § 2255. (Docket Entry ("D.E.") 1.)[2] The pleading is before the Court for preliminary review. *See Rules Governing Section 2255 Proceedings for the United States District Courts* ("Habeas Rules"), Rule 4(b). For the following reasons, the Petition is DISMISSED.

BACKGROUND

On May 17, 2010, a federal grand jury for the Western District of Tennessee charged Williamson with possessing with intent to distribute powder cocaine (Count 2) and over fifty grams of crack cocaine (Count 1) in violation of 21 U.S.C. § 841(a)(1). (*United States v.*

---

[1] The Court will refer to Williamson as "the Defendant" in its discussion of the underlying criminal case.

[2] Record citations are to documents filed in the present case, unless otherwise noted.

1

*Williamson*, No. 1:10-cr-10045-JDB-1 (W.D. Tenn.) ("No. 1:10-cr-10045-JDB-1"), D.E. 2.)  On September 30, 2010, the Defendant pleaded guilty to Count 1 of the indictment.[3] (D.E. 22.)

In anticipation of sentencing, the presentence report (the "PSR") advised that the Defendant was a career offender under § 4B1.1 of the United States Sentencing Commission *Guidelines Manual* (the "Guidelines" or "U.S.S.G."). (PSR at ¶ 21.) The career offender status was based on Williamson's December 3, 1996, convictions for possession of marijuana and cocaine with intent to deliver and his January 28, 1998, conviction for delivery of a controlled substance. (*Id.* at ¶¶ 26, 28.) After a three-level reduction for acceptance of responsibility, the PSR calculated the Guidelines' incarceration range as 262 to 327 months. (*Id.* at ¶¶ 22-23, 32, 54.) On March 3, 2011, Williamson was sentenced to 262 months' incarceration and five years of supervised release. (No. 1:10-cr-10045-JDB-1, D.E. 33.) His appeal to the Sixth Circuit Court of Appeals was dismissed as untimely on September 16, 2011. (*Id.*, D.E. 38.)

On December 28, 2011, the inmate moved to vacate his sentence under 28 U.S.C. § 2255, arguing that his trial counsel failed to file a timely notice of appeal. (*Williamson v. United States*, No. 1:11-cv-01398-JDB-egb (W.D. Tenn.), D.E. 1.) In an order entered April 29, 2015, the Court granted the petition, vacated the criminal judgment, and directed the Clerk to provide the Defendant with the criminal appeals packet that would enable him to perfect a direct appeal. (*Id.*, D.E. 30.) Defendant filed his notice of appeal on May 26, 2015. (No. 1:10-cr-10045-JDB-1, D.E. 61.) The Sixth Circuit affirmed the Court's judgment on March 15, 2016, and it issued its mandate on April 6, 2016. (*Id.*, D.E. 66, 67.)

---

[3] Count 2 was dismissed on the motion of the Government. (*See* No. 1:10-cr-10045-JDB-1, D.E. 59.)

On January 9, 2020, the Court granted the Defendant's motion for a reduction in his sentence pursuant to § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). (*Id.*, D.E. 78.) The sentence was reduced to 212 months' imprisonment. (*Id.*, D.E. 78 at PageID 274.)

DISCUSSION

Williamson filed the Petition after his delayed direct appeal, asserting a single claim for relief.[4] Specifically, he contends that his 1998 conviction for delivery of a controlled substance is no longer a qualifying offense for purposes of the career offender provision after the Sixth Circuit's decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc). The Court determines that the Petition must be dismissed because it is untimely[5] and because the *Havis* claim is non-cognizable.

I.  Petitioner's *Havis* Argument

Under U.S.S.G. § 4B1.1, a defendant is a career offender if, among other things, he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). A "controlled substance offense" is defined as

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or

---

[4] A petitioner may file a second-in-time § 2255 petition after a remedial delayed direct appeal without running afoul of the restrictions on second or successive petitions under 28 U.S.C. § 2244(b). *Storey v. Vasbinder*, 657 F.3d 372, 378 (6th Cir. 2011).

[5] As a general matter, if a court raises a statute of limitations problem *sua sponte* on preliminary review, it must afford the petitioner an opportunity to argue against dismissal. *Day v. McDonough*, 547 U.S. 198, 209-10 (2006). In the present matter, Petitioner addressed the limitations issue in the "TIMELINESS OF MOTION" section of the Petition, providing reasons why he believes the pleading should not be dismissed as time-barred. (*See* D.E. 1 at PageID 12.) The Court may therefore assess the merits of his arguments and, if warranted, dismiss the Petition as untimely. *See Stewart v. Harry*, No. 17-1494, 2017 WL 9249946, at *1 (6th Cir. Nov. 21, 2017) ("Because Stewart presented his position on timeliness in his habeas corpus petition, and the district court considered his position, the district court's *sua sponte* dismissal was not improper.")

> dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

The Tennessee statute on which Williamson's 1998 conviction was based provides in pertinent part that "[i]t is an offense for a defendant to knowingly . . . [d]eliver a controlled substance[.]" Tenn. Code Ann. § 39-17-417(a)(2). In *Havis*, the Sixth Circuit, siting en banc, "decided that [the defendant's] Tennessee conviction for delivery of a controlled substance was *not* a controlled-substance offense under the guidelines." *United States v. Garth*, 965 F.3d 493, 497 (6th Cir. 2020) (emphasis in original) (citing *Havis*, 927 F.3d at 387). The court "reached that result because 'the parties agree[d] that the least culpable conduct' Tennessee delivery proscribes is 'attempted delivery,' but the guidelines' definition covers only the controlled-substance offenses listed in the definition (which are all completed crimes), not the attempted versions of those offenses listed in the Sentencing Commission's commentary." *Id.* (quoting *Havis*, 927 F.3d at 385, 387.)

The inmate, here, argues that his 1998 Tennessee conviction for delivery of a controlled substance is no longer a career offender predicate offense after *Havis*. He contends that without the delivery conviction he is not a career offender and is, thus, entitled to a reduced sentence.

II.  Timeliness

A prisoner seeking to vacate his sentence under § 2255 "must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted). He bears the burden of establishing entitlement to relief. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

4

>A § 2255 petitioner is required to submit his claims within one year "from the latest of—
>
>>(1) the date on which the judgment of conviction becomes final;
>>
>>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>>
>>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Generally, "a conviction becomes final for purposes of collateral attack at the conclusion of direct review." *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002). For a defendant who takes a direct appeal but does not file a petition for writ of certiorari with the Supreme Court, the judgment of conviction becomes final "upon the expiration of the 90-day period in which [he] could have petitioned for certiorari[.]" *Sanchez-Castellano v. United States,* 358 F.3d 424, 426–27 (6th Cir. 2004) (citing *Clay v. United States,* 537 U.S. 522, 532 (2003)).

As indicated above, Williamson took an unsuccessful delayed direct appeal. The Sixth Circuit affirmed the judgment and, on April 6, 2016, issued its mandate. (No. 1:10-cr-10045-JDB-1, D.E. 67.) Petitioner's judgment of conviction thus became final ninety days later, on July 5, 2016, when the time for filing a petition for writ of certiorari with the United States Supreme Court expired.[6] The limitations period ran for one year and terminated on July 5, 2017. The Petition,

---

[6] It bears noting that this Court's reduction of Petitioner's sentence under the First Step Act "did not create for [him] a fresh chance to file a § 2255 motion." *Guzman v. United States*, No. 15-2601-STA-cgc, 2015 Wl 7292565, at * 5 (W.D. Tenn. Nov. 17, 2015) (reduction of sentence under 18 U.S.C. § 3582(c)(2) does not "reset[] the statute of limitations and the motion

which was placed in the prison mail system on September 3, 2020, is therefore untimely by more than three years.[7]

The inmate nevertheless insists that the Petition is timely. In the section of the Petition titled "TIMELINESS OF MOTION," he offers the following explanation for why he believes "the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar [his] motion": "Based on the Sixth Circuit (en banc) ruling [i]n United States v. Havis for sentence correct[ion] and referred by Judge J. Daniel Breen on 09/08/2020 as timely." (D.E. 1 at PageID 12.) The Court liberally construes Petitioner's arguments to be that the Petition is timely under § 2255(f)(3) because *Havis* announced a new rule and because, in a prior order, the Court held that a § 2255 petition would be timely.

Regarding the latter contention, there was no order entered in the prisoner's criminal case on September 8, 2020. If Petitioner means to refer to the Court's August 28, 2020, order, nothing in that document indicated that a § 2255 petition would be timely. Instead, the order denied Defendant's 18 U.S.C. § 3582(c)(2) motion and simply directed the Clerk of Court to send the inmate a § 2255 form. (*See* No. 1:10-cr-10045-JDB-1, D.E. 89.)

Insofar as Petitioner asserts that the Petition is timely under § 2255(f)(3), he is mistaken. As indicated earlier, § 2255(f)(3) provides that the one-year limitations period will run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3). *Havis* does not meet subsection (f)(3)'s requirements

---

count for a defendant to file a § 2255 motion"). *See also cf. Crangle v. Kelly*, 838 F.3d 673, 678 (6th Cir. 2016).

[7] Under the mailbox rule, a pleading is deemed filed on the day the prisoner places the document into the prison mail system. *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999).

because, most obviously, the decision was not issued by the Supreme Court. But even if *Havis* triggered § 2255(f)(3), Williamson would have had to file the Petition within one year of the date the decision was issued. *Havis* was decided on June 6, 2019, but the Petition was not filed until nearly fifteen months later, on September 3, 2020. Accordingly, the Petition is time-barred.

   III.   Cognizability

The Petition is also subject to dismissal because Williamson cannot challenge his career offender status. In *Bullard v. United States*, 937 F.3d 654 (6th Cir 2019), the Sixth Circuit held that a claim under *Havis* is "best left for direct review." *Bullard*, 937 F.3d at 661. Relying on its decision in *Snider v. United States*, 908 F.3d 183 (6th Cir. 2018), the *Havis* court explained that

> "[a] misapplication-of-an-advisory-guidelines-range claim is . . . not cognizable under § 2255." 908 F.3d at 191. Indeed, every circuit to "look[ ] at the issue has agreed that a defendant cannot use a § 2255 motion to vindicate non-constitutional challenges to advisory guideline calculations." *Id.*; *see also, e.g.*, *Foote*, 784 F.3d at 932 (same); *Spencer*, 773 F.3d at 1135 (same); *Hawkins v. United States*, 706 F.3d 820, 824–25 (7th Cir. 2013) (same); *Sun Bear v. United States*, 644 F.3d 700, 704–06 (8th Cir. 2011) (en banc) (same); *United States v. Williamson*, 183 F.3d 458, 461–62 (5th Cir. 1999) (same). As a result, Bullard cannot use § 2255—or our decision in *Havis*—to attack collaterally his designation as career offender under the Sentencing Guidelines.

*Id.* at 660-61. Accordingly, the Petition's sole claim that Williamson does not qualify as a career offender is non-cognizable in this collateral proceeding.

For all of these reasons, the Petition is DISMISSED.

APPEAL ISSUES

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should

7

have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[8]

IT IS SO ORDERED this 21st day of September 2020.

s/ J. DANIEL BREEN  
UNITED STATES DISTRICT JUDGE

---

[8] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.